FOX FILM CORPORATION, Plaintiff, *v.* STUARD HIRSCHMAN, HENRIETTA HIRSCHMAN, His Wife, CHOP TANK COMPANY, INC., and the CITY OF NEW YORK, Defendants.

Supreme Court, Queens Special Term, January, 1924.

Vendor and purchaser — contract for sale of real property — when court may reconcile apparent repugnancy in contract — condemnation proceedings pending at execution of contract — awards made to defendant in whose name title stood when land condemned vested in city of New York — when defendant deemed to hold title to awards as constructive trustee for plaintiff — when judgment assigning awards will be directed.

It is the duty of the court, if possible, to reconcile an apparent repugnancy between two clauses of a contract so as to give effect to all of its provisions.

In a contract for the sale of real property in the borough of Queens, city of New York, the description of the property by lot numbers referring to a filed map was followed by this clause: " excepting therefrom such lots or part of lots as have been taken by the City of New York for the opening or widening of the streets, avenues, roads or places now running through or bounding on said tract, as shown on map hereunto annexed." Then, after intervening provisions, there was this clause: " This sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining said premises, to the center line thereof, or all right, title, and interest of seller in and to any award made or to be made in lieu thereof, and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance of such title and the assignment and collection of such award." At the time of the making of the contract, in which plaintiff was the purchaser and the defendant corporation the vendor, condemnation proceedings were pending to acquire for street purposes some part of the property described in the contract, and title had actually vested in the city, but the amounts of the awards and assessments were not fixed until after the closing of the title in fulfillment of said contract. Awards were made to one in whose name title to the premises stood when the title to the land condemned vested in the city, and who absolutely controlled the defendant corporation, which was virtually an agency through which said owner conducted the transaction, and in all negotiations leading to the contract he represented said corporation and signed the contract. *Held*, that the excepting clause which was necessary because otherwise the vendor would have been obligated to convey the lands in such streets with full covenants of title was in no way inconsistent with an agreement to convey all the right, title and interest of the vendor in the streets or to assign the awards made or to be made in lieu thereof.

Therefore, as matter of law, there was no inconsistency or repugnancy between said clauses, and the contract would have obligated the defendant corporation to assign the awards to the plaintiff if said corporation had had title thereto as plaintiff supposed because of assertions made to him by the owner of the property to the effect that the awards would go to plaintiff, and it having been found as a fact that plaintiff in entering into the contract relied upon such assurances, the owner cannot now be permitted to claim the awards for his own benefit although the legal title thereto vested in him. It must, therefore, be held that he holds title to such awards as constructive trustee for the plaintiff.

All controverted questions of fact in an action to compel the assignment of the awards having been found in favor of the plaintiff, judgment in its favor directing the execution and delivery to it of proper and sufficient assignments of the awards, and barring the other defendants, except the city of New York, of all claim or title thereto, with the further direction that the same be offset against the assessments levied in the street opening proceedings, will be granted.

ACTION to compel assignment of awards made in condemnation proceedings.

*Saul A. Rogers* (*Almet F. Jenks, Gustavus A. Rogers* and *Almet F. Jenks, Jr.*, of counsel), for plaintiff.

*Gilbert & Gilbert,* for defendant Chop Tank Company, Inc.

*Benjamin Trapnell* (*A. S. Gilbert* and *Jerome E. Malino,* of counsel), for defendant Hirschman.

BENEDICT, J.   This case was tried before the court without a jury on June 29, 1923.   The stenographer's minutes and the last of the briefs were not submitted, however, until some time in December, 1923, and even after that the briefs were withdrawn for modification.

This action is brought to compel the assignment to the plaintiff of certain awards made in street opening proceedings.   Plaintiff and the defendant Chop Tank Company entered into a contract whereby plaintiff agreed to buy of said defendant and said defendant agreed to sell to plaintiff certain real property in the borough of Queens, city of New York.   Condemnation proceedings were then pending to condemn some part of said premises for public streets, and title had actually vested in the city, but the amounts of the awards and assessments had not been fixed, and were not fixed until after the closing of title under said contract.   The awards, amounting to about $46,000, were made to the defendant Stuard Hirschman, in whose name the title to the premises stood when title to the lands condemned vested in the city of New York, but the assessments, which amount to about $66,000, are liens upon the land in the hands of plaintiff, which plaintiff will have to pay to clear its title.

Plaintiff claims to be entitled to the awards by virtue of a clause in the contract, to be hereafter noticed, and by reason of certain assurances claimed to have been given orally by the defendant Stuard Hirschman at the meeting of the parties at which the contract was signed.   It appears without substantial contradiction that the defendant Stuard Hirschman absolutely controlled the defendant Chop Tank Company, which was virtually an agency through which he conducted this transaction, and in all negotiations leading up to the contract he represented that corporation and signed the contract on its behalf.   On the trial the plaintiff produced testimony that prior to the signing of the contract the question of the assessments to be levied in the then pending street opening proceedings was brought up by one of the plaintiff's representatives, and that the defendant Stuard Hirschman said in substance that the plaintiff (the vendee) would get the awards, which would be the property of the defendant Chop Tank Company (the vendor), and either he or the attorney who accompanied him read aloud the clause of the proposed contract relating to that subject, which is set forth below. All this is denied by defendants' witnesses, but I find this and the other controverted issues of fact in favor of the plaintiff, upon conflicting testimony.

The premises to be conveyed are described in said contract by lot numbers by reference to a filed map, and this description is followed by an excepting clause as follows:   " excepting therefrom

such lots or part of lots as have been taken by the City of New York for the opening or widening of the streets, avenues, roads or places now running through or bounding on said tract, as shown on map hereunto annexed and marked ' B.' "

Then after intervening provisions occurs the following clause: " This sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining said premises, to the center line thereof, or all right, title, and interest of seller in and to any award made or to be made in lieu thereof, and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance of such title and the assignment and collection of such award."

It is the claim of the defendants that those clauses are repugnant, and that as the former was in the typewritten portion of the contract, and the latter in the printed portion, the former should prevail, and further that the provision of the latter clause relative to assignment of awards is dependent upon the agreement to convey the right, title and interest of the vendor in the streets, which it is claimed is expressly excluded from the contract by the former clause. It is, of course, the duty of the court, where there is an apparent repugnancy between two clauses of a contract, to reconcile them if possible, so as to give effect to all the provisions of the contract. It is quite possible to do that in the present case without doing violence to the language of the contract. The description of the premises to be conveyed included the lands involved in the pending street opening proceedings, title to which had already vested in the city of New York. Hence the excepting clause (the one first above quoted) was necessary, because otherwise the vendor would have been obligated to convey the lands in such streets with full covenants of title. But such an exception, when its purpose is thus made plain, is in no way inconsistent with an agreement to convey all the right, title and interest of the vendor in the streets or to assign the awards made or to be made in lieu thereof. I hold, therefore, as matter of law, that there was no inconsistency or repugnancy between these clauses, and that the contract would have obligated the defendant Chop Tank Company to assign the awards to the plaintiff if that company had had title thereto, as it was supposed by the plaintiff that it had, because of Stuard Hirschman's assertions to that effect already mentioned. This obligation of the contract by the very terms of the clause under consideration did not become merged in the deed. This construction makes the contract conform to the intention of the plaintiff and to what the defendant Stuard Hirschman led plaintiff to believe was

the intention of the defendant, as evidenced by the conversation already referred to preceding the execution of the contract.

The defendant Stuard Hirschman, by reason of his conduct and assurances, which I find he gave at the time of the signing of the contract, as above stated, to the effect that the awards would go to the plaintiff, upon which assurances I find that plaintiff relied in entering into the contract, cannot now be permitted to claim these awards for his own benefit, although the legal title thereto is vested in him. To allow him to do so would work a fraud upon the plaintiff, which equity will not countenance. I decide, therefore, that he holds title to such awards as a constructive trustee for the plaintiff.

In view of the conclusions I have reached, it is not necessary to determine whether the defendant Stuard Hirschman was " identical with the defendant Chop Tank Company," but if it were necessary to decide that question, I should find that they were identical in interest.

Judgment is directed in favor of the plaintiff directing the defendant Stuard Hirschman to execute, acknowledge and deliver to the plaintiff a proper and sufficient assignment or assignments of said awards, and barring the other defendants, except the city of New York, of all right therein or claim thereto, and directing that the same be offset against the assessments levied in said street opening proceedings. The respective parties may submit requests to find within ten days after the publication of this memorandum.

Judgment accordingly.